So we have Mr. Brooks and Ms. Dempsey. Ms. Smith, I have counsel on my screen, pinned as we say now, so please call the next case for argument. Case number 19-2764, Eastern Arkansas, Rodney Shanner et al. v. United States. Mr. Brooks, you have the floor. Can I be heard? I can hear you, Judge. Mr. Brooks, can you hear us? He's frozen. He looks frozen on my screen. Yeah, he's frozen on the screen, ma'am. Good morning. His connection should be checked, probably. Mr. Brooks, we're going to request that you disconnect the call and reconnect because you are frozen and we can't hear you. Hi there, there he's back on my participant list. Oh, okay. There he's coming in. There he is. I have a photo and it's moving. Can you hear us, Mr. Brooks? I can. Can you hear me? Yes. Perfect. Good. You have the floor. Sorry about that. When I woke up this morning, my internet was not functioning, and so I was actually on an iPhone, which worked swimmingly well while everybody else was talking, but didn't when I was. So I appreciate the court's patience. Please be seated. I'm Brian Brooks. I represent Rodney and Rita Shanna in this trip and call case against the VA Hospital in North Little Rock. Essentially, what happened here is Mr. Shanna, who is a pastor, was visiting a parishioner at the North Little Rock VA Hospital as he was exiting the building through an exit that he would go out from time to time, but not the normal one. He tripped over a raised area of the sidewalk and fell. He broke his nose and hurt his shoulder pretty badly. He and his wife filed a Federal Tort Claims Act suit. They took care of all of the administrative procedures that are necessary and then filed the suit. The district court held that some of the judgment was in order for the government because the particular hazard over which Mr. Shanna tripped was open and obvious in the district court's view. And from that decision, this appeal is taken. The law on our side... Counsel, let me ask you a question about that, if I may. The government argues on page five of its brief that the uneven sidewalk was open and obvious. I think the record is pretty clear that it was not hidden, but it was my understanding that whether it was obvious is a disputed issue in this case. That's exactly correct. And that is the heart of the case, Your Honor. You hit the nail right on the head. The district court's opinion is boiled down to the paragraph on page five where the district court held that because Mr. Shanna was able to see that he had tripped over the raised sidewalk after he had fallen, and because an officer said that the raised area was apparent when he investigated the fall, that the area was open and obvious. There are two problems with that. First with respect to Officer Begley, Begley or Begley, I'm not sure exactly how it's pronounced. That's not what he said. What he said is he had no memory, independent memory of investigating the accident and that he did not notice to his recall, he did not notice the raised area at all as being a tripping hazard that someone else had pointed out to him. With respect to Mr. Shanna, what he said was after I fell, I went back and looked and that must have been what I tripped over. That is not enough to make an area open and obvious. To that, I would add two other bits of testimony that I think are very important. One is Timothy Becker, the VA safety specialist who went back and investigated the, took photos of the area. He said that when he initially took those photos, he couldn't tell what Mr. Shanna tripped over. It wasn't until what he referred to as the plaintiff's expert witness guy did some photos and some measurements that it became apparent to him that it was the raised area of the sidewalk that he tripped over, that it was tripped over. Then there's the VA management person, Mr. Hankins, I believe is his name. Yes, John Hankins, who testified that he has gone back to that area which has not been changed at all and he does not view it as a tripping hazard. Now, that alone should create a question of fact over whether this area is open, this hazard, particular hazard is open and obvious. What struck me about the Arkansas law as described in the briefs is the apparent significance of the landlord having to have knowledge that was not, that they needed to be warned of. It seems to me that everything you've recited does not, is not evidence that the landlord had the kind of knowledge that the landlord clearly had in the Dollar General case, which you referred us to quite appropriately and that I read the other night. Is that an essential element of your claim under Arkansas law? It is an essential element that the harm was either known of by the landlord or the property owner or that they reasonably should have been aware of it. Our position is that the government did not move on this first element of the duty question at all. The only thing the government argued was that the hazard was open and obvious and that's a separate question from whether the landlord or the VA knew of or should have known of the hazard itself. That being said, I spent some time with the district court, wait a minute, the district court focused specifically on that and its opinion. Are you saying the court went beyond what the lawyers presented? The district court concluded that no evidence that the hospital was aware of the condition or should have anticipated the risk was part of the district court's holding as I read it. I agree that was part of the district court's holding and what I'm saying, your honor, is that does not inform whether the hazard was open and obvious to the person harmed. That's a separate question. Now I don't understand. What's the legal issue on appeal? The legal issue on appeal is whether the condition was open and obvious, whether the landlord or... No, no, no. Wait, wait, wait. We review orders. We don't review what lawyer argued what and so forth unless there's a failure to preserve issue. Here we are, we are reviewing an order of a district court which included a holding on an element and you're saying the government didn't argue that element. What's the basis for reversal? The basis for reversal is that the district court conflated two separate questions. The first question, which was this summary judgment opinion, was not supposed to be about at all. Give me a case, any certain case on this conflation theory because we can confirm on alternative grounds and so can district judges. The record was not developed at all on what the VA knew or should have known. The only basis of the argument was the open and obvious nature of the hazard itself, not what the VA knew or should have known. That was a separate question, that's a separate question the parties never addressed in their briefing. The issues... But you didn't raise this procedural issue on appeal. Well, what we did... You could have argued, well, we didn't have fair notice of that aspect of the district court's order, which of course should have been raised in the motion to reconsider. I think you're... I understand what you're arguing and I can't answer whether there was a lack of fair notice based on the government's pleading, but there certainly was evidence or lack of evidence of no knowledge, including the safety specialist in Hankinson who confirmed that the landlord didn't have knowledge of this. What I'm saying, your honor, is that the district court's opinion very clearly on page three says that the government argued that the shanners cannot prove negligence because the uneven sidewalk was an open and obvious danger. And then the district court... And we pointed out that this is the wrong standard for the district court to use. The district court pointed out that the VA apparently didn't know of this actual model of this particular hazard and therefore that informed the open and obvious question. And we said in our briefing, that is incorrect. That does not inform the open and obvious question. That informs a totally different issue. We did argue that. We did point that out in our briefing and it shows another error that the district court made by crossing over those two questions and holding one informed the other. I am into my rebuttal time. I would... Well, that's helpful background for me of the proceeding in the district court. Thank you. I reserve your honor and my time for rebuttal. Thank you. Ms. Dempsey. May it please the court. My name is Jamie Dempsey and I represent the United States of America. The district court correctly held that the VA did not owe a duty to Reverend Shanner as a matter of law. For a duty in this case to exist, the shanners must prove that the uneven sidewalk was hidden and that the VA knew or should have known it posed an unreasonable risk. Here, neither exist. The undisputed facts here show that the VA did not owe a duty to Reverend Shanner because the uneven sidewalk was obvious. The uneven seam in the sidewalk is the very definition of an obvious danger. If you have ever walked on a sidewalk, you've likely seen or tripped over one. To hold otherwise would open the floodgates for a lawsuit every time someone trips over a half-inch seam or crack in the sidewalk. So Dollar General was wrongly decided? No, your honor, Dollar General was not wrongly decided in part because that's a slip and concrete and not a trip and fall like this case. But even if the court determined that the uneven sidewalk was hidden, the undisputed facts show that the VA had no knowledge of this particular uneven sidewalk in advance. Counselor, could I ask you a question about our decision in Smith vs. Basin Park Hotel and the Arkansas Court of Appeals decision in Vandiver? Why isn't the question of whether it was open and obvious a question of fact for the jury? Your honor, because the question of whether something is open and obvious goes to whether there is a duty owed, which is a question of law. And even though, as the appellants point out, the facts drive that duty, it's not, it's, the rule is a core, the obvious danger rule is a corollary to the rule that a property owner is required to keep the premises in a reasonably safe condition or warm in a dangerous condition, i.e. one that's hidden, a hidden danger, snare, or pitfall. Conditions that are known to the property owner but not the invitee and that would not be observed by the invitee in the exercise of ordinary care. So, in light of that, you look at whether it's an obvious hazard and whether the VA knew or should have known it posed an unreasonable risk. And in both the Dollar General v. Elder case and in Noel v. Cox and even in Vandiver, the court focuses on whether the landowner had that superior knowledge, which in this case is undisputed, the VA does not have. And that's why the VA does not owe a duty. And additionally, Reverend Shaner testified he was not looking at the sidewalk at the time but at the parking lot and the pedestrians ahead. So, even if this uneven standing sidewalk is somehow hidden, as his expert testified, he wouldn't have observed that because he wasn't looking at the sidewalk. And that's an understatement. Perhaps a suggestion that the record was not developed below on what the VA knew or didn't know because that was not an issue that was argued and fully briefed. That was an issue that was argued and fully briefed because, again, there was testimony that the safety manager as well as the, I believe, the safety engineer, Mr. Becker, both testified they were not aware of that uneven area of sidewalk prior to the fall. And Officer Beegley testified that he was not aware of anyone falling there before. And he regularly responds to such incidents. Did the government argue that below on summary judgment? Yes, Your Honor. It made the argument that the VA's lack of knowledge would be a basis for summary judgment. Yes, correct. Because, again, that goes into the whole analysis of even if it's not obvious, the VA didn't know about it. The VA, we argue it's not an unreasonable risk. It's an obvious danger. Also, we were not aware of an unreasonable risk there, so we can't help be held liable for it. Okay. And furthermore, I think that Counsel for Appellant is conflating some of the testimony of Beegley and Becker. Officer Beegley didn't have an independent recollection of what happened at the time, but he prepared the incident report. And according to his testimony, which is in the appellant's appendix on page 19, he was told where Reverend Shaner had tripped and went and looked at it and approximated the measurement of the uneven scene. And then on the other hand, Mr. Becker was asked later, because in the course of this report, Officer Beegley reported the uneven sidewalk to safety. Mr. Becker went out and inspected the sidewalk, but at that time, no one was there from the accident, and so he just took general pictures of the sidewalk. He didn't know which part of the sidewalk Reverend Shaner tripped over. That's why he didn't know until later which specific area Reverend Shaner fell in. Counsel, would you agree that what has to be open and obvious is a condition that creates a risk? And so I'm returning to your assertion that everybody knows that you can trip over seams, and we probably all have. But there can be seams that can cause trips that would not be an open and obvious risk of injury, right? Correct. So that is a fact-intensive question that may require jury assistance before you address the question of law. But in this case, Your Honor, it doesn't require jury assistance because of the undisputed facts. One, that Reverend Shaner was not looking at the sidewalk, as he admits in his affidavit and deposition testimony. I don't think that's an element of the exception, the open and obvious exception. What case says that the defendant wins because the plaintiff was not being careful and therefore wasn't looking? It's like Smokey the Bear. Are you looking up and not seeing the fire? I don't think that entitles the landlord to summary judgment. Your Honor, part of the rule under Arkansas law is that you have a duty to exercise ordinary care to maintain it in a reasonably safe condition, but only for hidden dangers that are known to the property owner but not the invitee. It would not be observed by the invitee in the exercise of ordinary care. So the question of whether Reverend Shaner was looking at the sidewalk or not goes directly to whether he was exercising ordinary care. And it's undisputed that he was not. That's not a summary. The point is, and I'm kind of following up with Judge Gras, that's not a summary judgment issue, at least until you resolve the significance of it. I mean, like the plaintiff in Dollar General wasn't paying attention. She was running to get in the store. And in that case, the court focused not on the open and obvious nature of the concrete and its slipperiness necessarily, but also on the superior knowledge of Dollar General. Because that plaintiff had been to the store five to ten times previously. Right, and Reverend Shaner had been to the VA for several months visiting the same parishioner. Well, was he always looking out in the parking lot? No, because he usually went out of the main door. I think you're way overreaching here on facts versus law. I'm not sure that it counts necessarily as ordinary care that someone is looking right down at the sidewalk in front of them at all times. And if that's what it requires to exercise ordinary care, then I don't think many of us do it as a general matter. Your Honor, even if this sidewalk was hidden and not open and obvious, the fact remains that the VA was not aware of an unreasonable risk in this particular location. And again, the Arkansas Supreme Court in Dollar General v. Elder, the Arkansas Court of Appeals in Noll v. Cox, the Arkansas Court of Appeals in the Vanderveer case all focus on the awareness on the part of the landowner of an unreasonable risk, which does not exist as a matter of law here. Are there facts in the record about whether there have been incident reports? I know we have individual testimony that they don't recall. But do we have any institutional records that say whether or not people have fallen on that part of the sidewalk before or repair records? Why was there black stuff within the joints? Was that an attempt to fix something? It seems like that kind of information would be helpful to assessing what the VA did or did not know. There are no incident reports. I mean, this is not in the record, but there have been no incident reports of any other fall at this location, which is what Officer Bigley was testifying to. He's not aware of one. None of the safety engineers or managers were ever aware of a previous fall at this location. But that's not in the record? Correct. Well, it would be proving a negative, but correct. Okay. The testimony is in the record that no such incidents exist, not just that these individuals don't recall one, but that no such incidents have happened. I believe Officer Bigley's testimony is he did not recall one. Okay. I'm very interested in knowing whether this is an argument that was sufficiently developed below, as Judge Loken raised earlier. All right. I think it looks like your time is up unless you go ahead. If you have a further response for Judge Bigley, go ahead. You know, I know that it's not in the record. In discovery, those reports were sought. But they don't exist. And that's the state of affairs. Thank you for your time. And the United States respectfully request this court affirm summary judgment. Very good. There you go for a follow-up. According to Autozone against Horton and Jenkins against Keston's Grocery, both of which adopt the restatement seconded towards section 343, it is not, the question is not just what the VA knew. It is what the VA knew or by the exercise of reasonable care would discover with respect to the condition. None of that is developed in this record below. I disagree that this was an issue in development of the open and obvious question. And that goes to what the VA knew or should have known and not to what is open and obvious in and of itself. Looking at Dollar General Store, what Dollar General knew or should have known was focused on with respect to how dangerous the condition was. Whether the condition was open and obvious focused on the plaintiff's expert who had done a visual inspection and noticed that it was slippery. And the court said that was worth a 20-20 hindsight and affirmed that it was a genuine fact question for determining whether it was an open and obvious condition. I do not think that this summary judgment order can stand along with Dollar General versus Elder. I think Elder counsels that this case must be reversed and sent back for trial on the merits so that Mr. and Mrs. Shanner can have their day in court. My time is up. I'd be happy to answer any questions. Otherwise, we would ask that the case be reversed. Very good. Thank you, counsel. The case has been well briefed and argued. You've helped us master the new technology and we'll take the case under advice. Thank you. Thank you.